**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAY GINSBERG,
          Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
AT-1221-21-0116-W-1

DATE: April 15, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shannon Polvi</u>, Esquire, Columbia, South Carolina, for the appellant.

<u>Deetric M. Hicks</u>, Esquire, Decatur, Georgia, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt**,** Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. On petition for review, the appellant argues that the administrative judge erred in her analysis of the *Carr* factors, as set forth in *Carr v. Social Security*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Administration*, [185 F.3d 1318](#), 1323 (Fed. Cir. 1999). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](#)). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's findings regarding the second and third *Carr* factors, we AFFIRM the initial decision.

¶2      We agree with the administrative judge that the appellant made a prima facie case of whistleblower reprisal, and that the agency demonstrated by clear and convincing evidence that it would have taken the same actions against the appellant even in the absence of his protected disclosure and protected activity. Initial Appeal File (IAF), Tab 25, Initial Decision (ID) at 6-13. In determining whether the agency met its burden, the administrative judge properly considered all relevant factors, including the following: the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. ID at 10-13; *Carr*, 185 F.3d at 1323.

¶3      Regarding the first factor, the administrative judge reasoned that all of the personnel actions were the result of the appellant's removal from his

psychologist/neuropsychologist position, the loss of his credentials, and agency policy regarding research funding. ID at 11-12. As such, she found that the agency's evidence in support of the personnel actions was strong. ID at 12. We discern no error with this finding.

¶4 Regarding the second *Carr* factor, the administrative judge found that the Director was largely responsible for the personnel actions but that he was simply following agency policy. ID at 12. Thus, she found that there was "virtually no evidence of motivation to retaliate against the appellant." *Id.* However, the U.S. Court of Appeals for the Federal Circuit has articulated a broader and more flexible approach to this factor. *See Miller v. Department of Justice*, 842 F.3d 1252, 1261-62 (Fed. Cir. 2016) (explaining that the second *Carr* factor should be evaluated "more generally" because the factor is directed at agency officials involved in making the decision, not just at the employee's direct supervisor); *Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012) (finding that those responsible for the agency's performance overall may be motivated to retaliate even if they were not directly implicated by the disclosures or did not personally know the whistleblower because the criticism could reflect on them in their capacities as managers and employees).

¶5 Based on this language, we acknowledge that the administrative judge's finding as stated above may have been an overstatement of the record. ID at 12. Here, two of the agency officials responsible for or directly involved in several of the personnel actions at issue—the Director and the Associate Chief of Staff—are managers and were aware of the appellant's protected disclosure and/or protected activity.[2] Thus, consistent with *Miller*, *Whitmore*, and similar cases, a motive to retaliate may have existed. Nonetheless, we find no other motive to retaliate

---

[2] Other agency employees, such as an Office of Research & Development employee and the Deputy Director also appear to have been involved in the personnel actions, but there is no evidence that they were aware of the appellant's protected disclosure or protected activity. IAF, Tab 24 at 64, 70-72.

absent the basic factors listed above, and thus, any motive to retaliate, if it existed here, was minimal.

¶6     Regarding the third *Carr* factor, the administrative judge stated that the agency "failed to present evidence of nonwhistleblower comparator employees." ID at 12. In *Miller*, the court observed that the absence of evidence related to this factor could be found to cut slightly against the agency and could cause it to fail to prove its case overall. 842 F.3d at 1262; *Whitmore*, 680 F.3d at 1373. The agency, however, did assert that there simply were no similarly situated doctors who lost their clinical privileges and their Veterans Affairs (VA) appointments. IAF, Tab 24 at 12‒15. The appellant does not appear to dispute this assertion. PFR File, Tab 1. Thus, the agency would not have been able to produce any evidence that it takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. Therefore, this factor is neutral.

¶7     Ultimately, we agree with the administrative judge that the suspension of the appellant's credentials, his loss of his 5/8 VA appointment, and the agency's application of the Office of Research & Development Guide 1200.15 provide strong evidence to support the agency's actions. ID at 11-13. Further, although certain agency officials did have some motive to retaliate, the appellant's protected disclosures and protected activity did not lead to any negative consequences for the agency and did not implicate any of the officials involved in the personnel actions. Further, the record establishes that those officials acted on the basis of the policy and not retaliatory animus. These factors outweigh any dearth of evidence related to the third *Carr* factor. Therefore, we agree with the administrative judge's conclusion that the agency proved by clear and convincing evidence that it would have taken the same actions against the appellant even in the absence of his protected disclosure and protected activity. *Id.*

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.